IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBROY INDUSTRIES, INC.,          )
                  Plaintiff,          )
                                      )
        vs                            )   Civil Action No. 05-1732
                                      )
JOSEPH SCHWALBACH and CL SYSTEMS )
CORPORATION,                          )
                  Defendants.         )


REPORT AND RECOMMENDATION

I. Recommendation:

        It is respectfully recommended that the defendants' motion to dismiss the

complaint for lack of personal jurisdiction (Docket No. 6) be denied, that their alternate motion

to dismiss this action for improper venue (Docket No. 6) be denied, and that their alternate

motion to transfer this case to the United States District Court for the Western District of Texas

pursuant to 28 U.S.C. § 1406(a) (Docket No. 6) be granted.

II. Report:

        Presently before the Court is the defendants' motion to dismiss the complaint for

lack of personal jurisdiction, or alternatively, to dismiss this action for improper venue or transfer

it to the United States District Court for the Western District of Texas.

        The plaintiff, Robroy Industries, Inc. ("Robroy"), commenced this breach of

contract and tort action against defendant Joseph Schwalbach, its former employee, and

defendant CL Systems Corporation ("CL Systems"), Mr. Schwalbach's current employer. The

defendants are said to have conspired to misappropriate Robroy's trade secrets, intentionally

interfered with its contractual and business relations, converted its property and engaged in other misdeeds. The Court's diversity jurisdiction is properly invoked, as Robroy is a Pennsylvania corporation with its principal place of business in Verona, PA; Joseph Schwalbach is a resident of Texas with an address in Midland, TX; CL Systems is a Texas corporation with a principal place of business in Midland, TX; and the amount in controversy exceeds the statutory limit.

Robroy alleges in its complaint that it is involved in a variety of businesses, including the design, manufacture and installation of liners for pipes used in oil wells. According to Robroy, it is a leading supplier and installer of pipe liners, and its manufacturing processes are highly unique and proprietary. Robroy avers it has expended substantial amounts of money and resources to develop and compile highly proprietary information relating to manufacturing procedures, methods, technical data, suppliers and customer information relating to its pipe lining business, which constitutes its confidential trade secrets.

Robroy contends that in October 1997, it hired defendant Schwalbach as an engineering manager, and he was subsequently promoted to Vice President of Engineering; that prior to his employment with it, Schwalbach had no experience in the design and manufacture of pipe linings; that by virtue of his employment with it, Schwalbach had access to confidential trade secrets relating to Robroy's technology and manufacturing processes; that on October 3, 1997, Schwalbach signed a contract with Robroy, agreeing not to use or disclose any of its confidential information or trade secrets; that on March 8, 2005, Schwalbach resigned from Robroy and immediately accepted employment with defendant CL Systems; and that since leaving Robroy, Schwalbach has solicited its current and former employees to accept employment with CL Systems, has contacted Robroy suppliers to provide CL Systems with

components made to Robroy's proprietary specifications, and has contacted Robroy customers on behalf of CL Systems for the purpose of soliciting sales of pipe liners.

Robroy contends that CL Systems could not have effectively entered into its product market without Schwalbach's knowledge and use of its confidential trade secrets, and its goodwill in its business is being irreparably harmed by Schwalbach's conduct.  In its complaint, Robroy asserts claims against Schwalbach for breach of contract (Count I) and breach of fiduciary duty (Count VII), and it sets forth claims against both defendants for misappropriation of trade secrets (Count II), tortuous interference with contractual relations (Count III), civil conspiracy (Count IV), conversion (Count V) and unjust enrichment (Count VI).

The defendants have moved to dismiss the complaint for lack of personal jurisdiction or, in the alternative, to dismiss or transfer this action for improper venue.   In support of their motion, the defendants have submitted the affidavit of Joseph Schwalbach.

Mr. Schwalbach avers in his affidavit that he is currently a resident of Midland, Texas and has never been a resident of Pennsylvania.[1]  He also avers that he owns no property in Pennsylvania, has no bank accounts in Pennsylvania and conducts no business in this Commonwealth.[2]  Schwalbach asserts that between September 1997 and March 2005, he was employed by Robroy, during which time he worked primarily in Odessa, Texas; that during his employment with Robroy, he made two business trips to Pennsylvania, traveling to State College, PA on Robroy's behalf; but that when he interacted with customers and suppliers while

---

1.    See, affidavit of Joseph Schwalbach (at Exhibit A to the defendant's current motion) at ¶ 3.

2.    Id. at ¶¶ 4-5.

employed by Robroy, he did so exclusively in the Midland and Odessa, Texas area.[3]

        Mr. Schwalbach also states in his affidavit that he is currently the Vice President of CL Systems and has held that position since CL Systems was incorporated in Texas in April 2005; that CL Systems is the general partner of CLS, L.P. ("CLS"), and he is the President of CLS; that to the extent he interacts with customers and suppliers of CL Systems and/or CLS, he does so exclusively in Texas; that all of his records pertaining to the incorporation of CL Systems and his work with CLS and CL Systems are located in Midland, Texas, as are all of the business records of CLS and CL Systems; that neither CLS, nor CL Systems does any business in Pennsylvania; that CLS and CL Systems make no sales in Pennsylvania, have no bank accounts in Pennsylvania, and have no offices or employees in Pennsylvania; and that CLS and CL Systems currently employ eleven individuals, some of whom were formerly employed by Robroy, all of whom are located in Texas.[4]

        It is well settled that once a jurisdictional defense has been raised, as here, the complainant bears the burden of demonstrating that the defendants' contacts with the forum state are sufficient to give the Court in personam jurisdiction.  See, <u>Dayhoff Inc. v. H.J. Heinz Co.</u>, 86 F.3d 1287, 1302 (3d Cir. 1996), <u>cert. denied</u>, 519 U.S. 1028 (1996).  The complainant must present jurisdictional facts by affidavit or otherwise to establish the Court's jurisdiction over the defendants.  <u>Id.</u>; <u>Time Share Vacation Club v. Atl. Resorts, Ltd.</u>, 735 F.2d 61, 66 (3d Cir. 1984).

        Rule 4(e) of the Federal Rules of Civil Procedure permits a district court to assert personal jurisdiction over a non-resident to the extent allowed under the law of the state where

---

3.   Id. at ¶¶ 6-8.

4.   Id. at ¶¶ 9-16.

the district court sits.  See, <u>Vetrotex Certainteed v. Consolidated Fiber Glass</u>, 75 F.3d 147, 150

(3d Cir. 1996).  The Pennsylvania Long Arm Statute, 42 Pa.C.S.A. § 5322(b), allows a court to

exercise jurisdiction over a person "to the fullest extent allowed under the Constitution of the

United States and may be based on the most minimum contact with this Commonwealth allowed

under the Constitution of the United States."  Thus, the reach of Pennsylvania's statute is

coextensive with the due process clause of the United States Constitution.  <u>Id</u>.

Under the due process clause, a court may not exercise personal jurisdiction over

a non-resident defendant unless certain minimum contacts exist between the defendant and the

forum state.  <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286 (1980).  In reviewing

the conduct of a non-resident defendant and its connection to the forum, a court must ascertain

whether "the quality and nature of the defendant's activity is such that it is reasonable and fair to

require that it conduct its defense in that state."  <u>Kulko v. Superior Court of California</u>, 436 U.S.

84, 92 (1978) (quoting <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316-17 (1945)).

In Pennsylvania, personal jurisdiction over non-resident defendants may be based

upon either: (1) specific forum-related acts of the defendant which give rise to the cause of action

(i.e., specific jurisdiction); or (2) the defendant's general activity within the forum state which is

"continuous and substantial" (i.e., general jurisdiction). See, <u>Mellon Bank (East) v. Diveronica</u>

<u>Bros.</u>, 983 F.2d 551, 554 (3d Cir. 1993).

To establish specific jurisdiction, a plaintiff must show that a non-resident

defendant has sufficient minimum contacts with the forum state such that the defendant should

reasonably anticipate being haled into court there.  <u>World-Wide Volkswagen</u>, 444 U.S. at 297.

To exercise general jurisdiction over a non-resident defendant, it must be shown that the

defendant has engaged in systematic and continuous activities in the forum state.  Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984).

Robroy asserts that the Court may exercise specific jurisdiction over the defendants because their misappropriation of its trade secrets and other tortuous conduct harmed its business in Pennsylvania, such that the defendants should reasonably have expected to be haled into Court here.  We agree.

Pennsylvania's long-arm statute extends personal jurisdiction to anyone who "[c]aus[es] harm or tortious injury in th[e] Commonwealth by an act or omission outside this Commonwealth."  42 Pa.C.S.A. § 5322(a)(4).  Since Robroy claims its business was injured in Pennsylvania due to the defendants' tortious misconduct in Texas, Pennsylvania's long-arm statute extends to the defendants.  See, Pennzoil Products v. Colelli Associates, 149 F.3d 197, 201 (3d Cir. 1998).  However, this does not end our inquiry, for a Court "must still determine whether the strictures of constitutional due process (i.e., minimum contacts and notions of fair play and substantial justice) would be observed by asserting jurisdiction."  Id. at 202.

The Third Circuit Court of Appeals has explained that for specific jurisdiction to lie, a plaintiff must satisfy the following two-part test:

> First, the plaintiff must show that the defendant has
> constitutionally sufficient 'minimum contacts' with the
> forum.  Second, for jurisdiction to be exercised the court
> must determine, in its discretion, 'that do so would comport
> with traditional notions of fair play and substantial justice.'

Imo Industries v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citations omitted).

Assessing a nonresident defendant's minimum contacts is "fact-sensitive in that it turns on the quality and nature of a defendant's activity in relation to the forum state."  Pennzoil

6

Products, supra, 149 F.3d at 203.  For instance, "if a nonresident defendant's contact with the forum is simply 'fortuitous' or 'the result of a single transaction', the minimum contacts requirement has not been satisfied."  Id.  Additionally, "[t]he weight of authority among the courts of appeal is that minimal communication between the defendant and the plaintiff in the forum state, without more, will not subject the defendant to the jurisdiction of that state's court system."  Imo Industries, supra, 155 F.3d at 259-60, n.3 (citing cases).

Conversely, case law also indicates that where a defendant's contacts with the forum "are those that give rise to the litigation, even one contact with the forum may be enough to justify jurisdiction".  Grand Entertainment Group v. Star Media Sales, 988 F.2d 476, 483 (3d Cir. 1993).  Likewise, a Court may exercise personal jurisdiction over a nonresident with no physical connection to the forum, when such a party "has received the benefits and protections of the forum's laws by engaging in business activities with a forum resident".  Mellon Bank (East) PSFS, Nat. Ass'n. v. Farino, 960 F.2d 1217, 1225-26 (3d Cir. 1992), citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

Here, defendant Schwalbach executed an employment agreement with Robroy, a Pennsylvania corporation, agreeing not to use or disclose any of its confidential trade secrets; the parties' agreement was executed in Odessa, Texas, but the agreement specifies it is to be governed by the laws of Pennsylvania.[5]  It is well settled that "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities".  Farino, supra, 960 F.2d at 1222, quoting Burger King, 471 U.S. at 473.  Robroy contends that

---

5.    See, the parties' contract (at Exhibit A to the complaint).

7

when Schwalbach ended his employment with it, he breached his employment agreement, and

together with CL Systems, willfully misappropriated its trade secrets to start a competitive

business, knowing such conduct would harm Robroy's business in Pennsylvania.  Based on the

forgoing, we find that the defendants have sufficient contacts with this forum to justify the Court

exercising personal jurisdiction over them.

> The Third Circuit Court of Appeals has explained that:
>
> once the plaintiff has made a prima facie case for
> jurisdiction based upon minimum contacts, the burden
> falls upon the defendant to show that the assertion of
> jurisdiction is <u>unconstitutional</u>.

<u>Farino</u>, <u>supra</u>, 960 F.2d at 1226 (emphasis in original).  "The burden on a defendant who wishes

to show an absence of fairness or lack of substantial justice is heavy."  <u>Grand Entertainment</u>,

<u>supra</u>, 988 F.2d at 483.   Indeed, "the defendant[s] must present a compelling case that the

presence of some other considerations would render jurisdiction unreasonable."  <u>Id.</u>

> To determine if the exercise of personal jurisdiction over the defendants comports

with notions of "fair play and substantial justice", we consider such factors as:

> the burden on the defendant, the forum State's interest in
> adjudicating the dispute, the plaintiff's interest in obtaining
> convenient and effective relief, the inter-state judicial system's
> interest in obtaining the most efficient resolution of controversies,
> and the shared interest of the several States in furthering
> fundamental substantive social policies.

<u>Farino</u>, 960 F.2d at 1222, quoting <u>Burger King</u>, 471 U.S. at 477.

> Of these factors, Robroy clearly has an interest in obtaining relief in the

convenience of its home forum.  Likewise, the Commonwealth of Pennsylvania has an interest in

protecting its residents' intellectual property from being misappropriated by nonresidents.  See,

Edy Clover Productions v. National Broadcast Company, 572 F.2d 119, 120 (3d Cir. 1978).

While it is understandable that the defendants dislike the notion of traveling from their home in

Midland, TX, to litigate this matter in Pittsburgh, PA, they have failed to show that this Court's

exercise of personal jurisdiction over them would be unreasonable, i.e., not comport with

"traditional notions of fair play and substantial justice".  Accordingly, the defendants' motion to

dismiss the complaint for lack of personal jurisdiction should be denied.

In the alternative, the defendants assert that venue is improper in this district, such

that this action should be dismissed or transferred to the United States District Court for the

Western District of Texas, where venue is proper.  In cases where subject matter jurisdiction is

based solely on diversity of jurisdiction, as here, venue is governed by 28 U.S.C. § 1391(a).  In

pertinent part, 28 U.S.C. § 1391(a) provides that a civil may be brought only in

> (1) a judicial district where any defendant resides, if all
> defendants reside in the same State, (2) a judicial district
> in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of
> property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to
> personal jurisdiction at the time the action is commenced,
> if there is no district in which the action may otherwise be
> brought.

The parties agree that if venue is proper in this district, it must be by virtue of

subsection (2) of the above statute.  That is because venue in this district is improper under

subsection (1), as neither defendant resides in Pennsylvania.  Likewise, venue in this district is

improper under subsection (3), as this case may be brought in another district, i.e, the Western

District of Texas pursuant to subsection (1), as both defendants reside there.

Thus, for venue to be proper in this district, it must be where a substantial part of

the events or omissions giving rise to Robroy's claims occurred.  Importantly, in a case having

multiple claims, as here, venue must be proper for each claim.  Lackawanna Chapter of the

Railway & Locomotive Historical Society, Inc. v St. Louis County, Missouri, 2004 WL 503447,

*3 (M.D.Pa., March 12, 2004); Lomanno v. Black, 285 F.Supp.2d 637, 641 (E.D.Pa. 2003).

        Our Court of Appeals has explained that "[t]he test for determining venue is not

the defendant's 'contacts' with a particular district, but rather the location of those 'events or

omissions giving rise to the claim.'" Cottman Transmission Systems, Inc. v. Martino, 36 F.3d

291, 294 (3d Cir. 1994).  "In assessing whether events or omissions giving rise to the claims are

substantial, it is necessary to look at the nature of the dispute." Id. at 295.

        As recited above, Robroy's seven-count complaint asserts claims for (1) breach of

contract, (2) misappropriation of trade secrets, (3) tortuous interference with contractual and

business relations, (4) civil conspiracy, (5) conversion, (6) unjust enrichment, and (7) breach of

fiduciary duty.  Clearly, the vast majority of the defendants' alleged acts or omissions giving rise

to Robroy's claims occurred in the Western District of Texas, not in this district.

        With respect to the breach of contract claim against defendant Schwalbach for

allegedly violating his employment agreement, the record shows that the contract was executed

in Odessa, Texas; that at all times during his employment with Robroy, Schwalbach worked

primarily in Odessa, Texas; that any interaction he had with customers and suppliers during his

employment with Robroy occurred exclusively in the Midland and Odessa, Texas area; that

following his resignation from Robroy, Schwalbach became an officer of CL Systems and CLS,

which are both Texas entities; that neither CL Systems, nor CLS does any business in

Pennsylvania, and all of their employees are located in Texas; and that to the extent Schwalbach

10

interacts with customers and suppliers of CL Systems and CLS, including those who may be

customers and suppliers of Robroy, such interactions occur exclusively in Texas.[6]   Since the

contract at issue was executed and performed by Schwalbach in Texas, any breach of it occurred,

if at all, in Texas.

        Similarly, a substantial part of the events giving rise to Robroy's related claims for

misappropriation of trade secrets, tortuous interference with contractual and business relations,

civil conspiracy, conversion, unjust enrichment and breach of fiduciary duty occurred in Texas,

for that is where Schwalbach is said to have contacted Robroy suppliers and requested them to

provide CL Systems with components made to Robroy's proprietary specifications, induced

Robroy employees to accept employment with CL Systems, conspired with CL Systems to

misappropriate Robroy's trade secrets, contacted Robroy customers on behalf of CL Systems to

solicit sales of pipe liners, and converted Robroy's property.

        Although Robroy claims that the defendants' actions harmed its business in

Pennsylvania, the relevant inquiry for determining proper venue is where the events or omissions

giving rise to the claims occurred, not where the resulting harm is felt.  See, Cottman, supra, 36

F.3d at 295.  Clearly, the Western District of Texas, and not this forum, is where a substantial

part of the events giving rise to Robroy's claims occurred.

        Thus, it appears that venue is properly laid in the Western District of Texas.  In 28

U.S.C. § 1406(a), it is provided:

> The district court of a district in which is filed a case laying
> venue in the wrong division or district shall dismiss, or in
> the interests of justice, transfer such case to any district or

---

6.   Id.; also see, affidavit of Joseph Schwalbach at ¶¶ 6-7, 9-10, 13, 16.

division in which it could have been brought.

Rather than dismiss Robroy's claims for improper venue, we believe that in the interests of justice, its claims should be transferred to the Western District of Texas, where this case could have been brought.

Therefore, it is recommended that the defendants' motion to dismiss the complaint for lack of personal jurisdiction be denied, that their alternate motion to dismiss this action for improper venue be denied, and that their alternate motion to transfer this case to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1406(a) be granted.

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ ROBERT C. MITCHELL
United States Magistrate Judge

Dated: February 15, 2006